**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| UNITED STATES OF AMERICA, | CIVIL ACTION NO.: |
| Plaintiff, | HONORABLE: |
| vs. | |
| DESHOND E. BIDDLES | |
| Defendant, | |

**COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

The United States of America, plaintiff, alleges that:

**Jurisdiction**

1. This court has jurisdiction over the subject matter of this action pursuant to Article III, Section 2, U.S. Constitution and 28 U.S.C. § 1345.

**Venue**

2. The defendant is a resident of Wayne County, Michigan within the jurisdiction of this Court and may be served with service of process at 16209 Patton St. Detroit, MI 48219.

**The Debt – Count I**

3. The debt owed to the United States of America is as follows:

| | | |
|---|---|---|
| A. | Current Principal *(after application of all prior payments, credits, and offsets)* | $2,551.89 |
| B. | Current Capitalized Interest Balance and Accrued Interest | $2,281.33 |
| C. | Administrative Fee, Costs, Penalties | $0.00 |
| D. | Credits previously applied *(Debtor payments, credits, and offsets)* | $0.00 |
| | **Total Owed** | **$4,883.22** |

The Certificate of Indebtedness, attached as Exhibit "A", shows the total owed excluding attorney's fees and CIF charges. The principal balance and interest balance shown on the Certificate of Indebtedness is correct as the date of the Certificate of Indebtedness after application of all prior payments, credits and offsets. Prejudgment interest accrues at the current rate of 3.16 percent and a daily rate of $0.22 through June 30, 2012, and thereafter at such rate as the Department establishes pursuant to Section 427A of the Higher Education Act of 1965, as amended, 20 U.S.C. 11077a.

## Failure to Pay

4. Demand has been made upon the defendant for payment of the indebtedness, and the defendant has neglected and refused to pay the same.

WHEREFORE, USA prays for judgment:

A. For the sums set forth in paragraph 3 above, plus prejudgment interest through the date of judgment, all administrative costs allowed by law, and post-judgment interest pursuant to 28 U.S.C. § 1961 and that interest on the judgment be at the legal rate until paid in full;

B. For attorney's fees to the extent allowed by law;

C. Filing fee of $350.00 as premitted by 28 U.S.C. § 2412(a)(2); and,

D. For such other relief which the Court deems proper.

## The Debt – Count II

5. The debt owed to the United States of America is as follows:

| | | |
|---|---|---:|
| A. | Current Principal *(after application of all prior payments, credits, and offsets)* | $637.77 |
| B. | Current Capitalized Interest Balance and Accrued Interest | $608.69 |
| C. | Administrative Fee, Costs, Penalties | $0.00 |
| D. | Credits previously applied *(Debtor payments, credits, and offsets)* | $0.00 |
| | **Total Owed** | **$1,246.46** |

The Certificate of Indebtedness, attached as Exhibit "A", shows the total owed excluding attorney's fees and CIF charges. The principal balance and interest balance shown on the Certificate of Indebtedness is correct as the date of the Certificate of Indebtedness after application of all prior payments, credits and offsets. Prejudgment interest accrues at the current rate of 3.16 percent and a daily rate of $0.06 through June 30, 2012, and thereafter at such rate as the Department establishes pursuant to Section 427A of the Higher Education Act of 1965, as amended, 20 U.S.C. 11077a.

**Failure to Pay**

6.     Demand has been made upon the defendant for payment of the indebtedness, and the defendant has neglected and refused to pay the same.

WHEREFORE, USA prays for judgment:

A.     For the sums set forth in paragraph 5 above, plus prejudgment interest through the date of judgment, all administrative costs allowed by law, and post-judgment interest pursuant to 28 U.S.C. § 1961 and that interest on the judgment be at the legal rate until paid in full;

B.     For attorney's fees to the extent allowed by law;

C.     Filing fee of $350.00 as premitted by 28 U.S.C. § 2412(a)(2); and,

D.     For such other relief which the Court deems proper.

Respectfully submitted,

By: */s/ Craig S. Schoenherr, Sr.* _____
CRAIG S. SCHOENHERR, SR. (P32245)
Attorney for Plaintiff
O'Reilly Rancilio PC
12900 Hall Rd Ste 350
Sterling Heights, MI  48313
Phone: (586) 726-1000
Fax: (586) 726-1560
cschoenherr@orlaw.com

U. S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

CERTIFICATE OF INDEBTEDNESS #1 OF 2

DESHOND E. BIDDLES
aka: DESHOND BIDDLES
16209 PATTON ST
DETROIT, MI 48219
Account No. XXXXX5002

I certify that Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 07/07/11.

On or about 03/31/94, the borrower executed promissory note(s) to secure loan(s) of $2,625.00 from COMERICA BANK C/O EDUSERV, WINSTON-SALEM, NORTH CAROLINA. This loan was disbursed for $2,625.00 on 04/20/94-06/28/94, at a variable rate of interest to be established annually by the Department of Education. This loan obligation was guaranteed by MICHIGAN HIGHER EDUCATION ASSISTANCE AUTHORITY, and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 C.F.R. Part 682). The holder demanded payment according to the terms of the note, and credited $78.75 to the outstanding principal owed on the loan. The borrower defaulted on the obligation on 11/21/96, and the holder filed a claim on the loan guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $2,711.94 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. Pursuant to 34 C.F.R. § 682.410(b)(4), once the guarantor pays on a default claim, the entire amount paid becomes due to the guarantor as principal. The guarantor attempted to collect this debt from the borrower. The guarantor was unable to collect the full amount due, and on 10/08/02, assigned its right and title to the loan to the Department.

Since assignment of the loan, the Department has credited a total of $0.00 in payments from all sources, including Treasury Department offsets, if any, to the balance. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $2,551.89 |
| Interest: | $2,281.33 |
| Total debt as of 07/07/11: | $4,833.22 |

Interest accrues on the principal shown here at the current rate of 3.16 percent and a daily rate of $0.22 through June 30, 2012, and thereafter at such rate as the Department establishes pursuant to section 427A of the Higher Education Act of 1965, as amended, 20 U.S.C. 1077a.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 7/27/11

_____
Loan Analyst
Litigation Support

Michael Illes
Loan Analyst



EXHIBIT
A

291-70-5  G-SL

## Application and Promissory Note for Federal Stafford Loans (Subsidized and Unsubsidized) and Federal Supplemental Loans for Students (SLS)

**WARNING:** Any person who knowingly makes a false statement or misrepresentation on this form is subject to penalties which may include fines or imprisonment under the United States Criminal Code and 20 U.S.C. 1097.

**Guarantor or Program Identification:** MICHIGAN GUARANTY AGENCY — MI

### BORROWER SECTION — Please Print Neatly or Type — READ THE INSTRUCTIONS CAREFULLY

1. Last Name: Biddles    First Name: DeShond    MI: Eugene
2. Social Security Number: 5002
3. Permanent Street Address: 12762 Monte Vista
4. Telephone Number: (313) 834-1683
5. Loan Period (MO/YR): From 3/8/94 To 10/7/94
   City: Detroit    State: Michigan    Zip Code: 48238
6. Driver's License Number: —
7. Lender Name: Comerica    City: Winston-Salem    State: NC    Zip Code: 27162
8. Lender Code, If Known: 822660
9. Date of Birth (MO/DAY/YR): —
10. a. Interest rate for most recent Federal Stafford Loan: Variable ☑
    b. Do you currently have an outstanding Federal SLS, PLUS, or Consolidation Loan(s) at agencies other than the one this application will be processed by? If yes, check here ☐

11. REFERENCES:
    - Name: Dorothy Kennedy; Address: 5187 S. Martindale, Detroit, Michigan; Phone: (313) 895-5157; Relationship: Grandmother
    - Name: Debra Kennedy; Address: 12762 Monte Vista, Det. Mich.; Phone: (313) 834-1683; Relationship: Mother

### LOAN ASSISTANCE REQUESTED

12. a. ☑ SUBSIDIZED FEDERAL STAFFORD    b. ☐ UNSUBSIDIZED FEDERAL STAFFORD    c. ☐ FEDERAL SUPPLEMENTAL LOANS FOR STUDENTS (SLS)
13. Total amount requested: $2,625.00
14. Deferment: a. Yes ☑   b. No ☐
15. Capitalize interest: a. Yes ☑   b. No ☐
16. EFT authorization: a. Yes ☐   b. No ☑
17. Delinquent on any non-Title IV federal debt? a. Yes ☐   b. No ☑

### PROMISSORY NOTE (Continued on the reverse side) — PROMISE TO PAY

I promise to pay to the Lender, or a subsequent holder of this Promissory Note, all sums disbursed (hereafter "loan" or "loans") under the terms of this Note, plus interest and other fees which may become due as provided in this Note. If I fail to make payments on this Note when due, I will also pay reasonable collection costs, including attorney's fees, court costs and collection fees. I understand I may cancel or reduce the size of any loan by refusing to accept any disbursement that is issued.

**THIS IS A LOAN(S) THAT MUST BE REPAID.**

18. Borrower's Signature: /s/ DeShond Biddles    Today's Date: 3/31/94

### SCHOOL CERTIFICATION SECTION — TO BE COMPLETED BY SCHOOL

19. School Name: MICHIGAN BARBER SCHOOL
20. Street Address: 8990 GRAND RIVER AVENUE    City/State/Zip: DETROIT, MI 48204-2244
21. Loan Period (MO/DAY/YR): From 3/8/94 To 10/7/94
22. Grade Level: 1
23. Enrollment Status: Full Time ☑   At Least Half-Time ☐
24. Anticipated Completion (Graduation) Date: 5/11/95
25. School Code/Branch: 023615-00
26. Cost of Attendance: $7,926.00
27. Federal Expected Family Contribution: $2,429.00
28. Estimated Financial Aid: $-0-
29. Certified Loan Amount(s):
    a. Subsidized $2,625.00
    b. Unsubsidized $-0-
    c. SLS $-0-
30. Telephone Number: (313) 894-2300
31. Recommended Disbursement Date(s): 1st 04/14/94   2nd 6/27/94   3rd -0-   4th -0-
32. Signature of Authorized School Official: /s/ Darryl L. Green
    Print or Type Name: DARRYL L. GREEN
    Date: 3-31-94    Check box if electronically transmitted to guarantor ☐

### LENDER SECTION — TO BE COMPLETED BY LENDER

33. Lender Name: COMERICA BANK C/O EDUSERV
    Street Address: P.O. BOX 2470
    City: WINSTON-SALEM    State: NC    Zip Code: 27102
34. Lender Code/Branch: 822660
35. Telephone Number: (800) 438-0023
36. Lender Use Only
37. Amount(s) Approved: a. Subsidized $2,625.00   b. Unsubsidized $.00   c. SLS $.00
38. Signature of Authorized Lending Official: /s/ Crystal McCall
    Print or Type Name, Title and Date: 4-15-94

LENDER COPY

# Promissory Note (continued)

### Disclosure of Terms

This Note may apply to one or more of the following types of loans which have different terms: subsidized Federal Stafford Loan, unsubsidized Federal Stafford Loan, and Federal Supplemental Loans for Students (SLS). I agree that the lender or any subsequent holder may assign my loan(s) and acknowledge that any one loan may be assigned independently of any other loan to which this Note applies.

At or before the time of my first disbursement, the lender will send me a Disclosure Statement identifying additional terms of each loan. Important additional terms are disclosed in the statement of Borrower's Rights and Responsibilities accompanying this Note.

### Interest

Interest accrues on the unpaid principal balance of each loan from the date of disbursement until the entire principal balance is paid in full. I must pay all interest charges on my unsubsidized Federal Stafford Loan and Federal SLS Loan. For a subsidized Federal Stafford Loan I do not pay interest payable by the federal government under the Higher Education Act of 1965, as amended, and applicable U.S. Department of Education regulations (collectively referred to as the Act). Unless my lender notifies me in writing of a lower rate(s), the rate(s) of interest for my loan(s) are those specified in the Act and presented in the statement of Borrower's Rights and Responsibilities. I also may receive rebates of interest as provided by the Act.

Unless I have requested that the interest that accrues on my unsubsidized Federal Stafford and Federal SLS Loans be added to the principal balance of my loans (referred to as Capitalization), I will begin paying interest upon disbursement of such loans. Should I fail to make required payments of interest prior to the commencement of principal repayment or during a period of authorized deferment or forbearance, I agree that the holder may Capitalize such interest to the extent permitted by the Act.

### Origination Fee and Guarantee Fee

For each loan, the federal government charges an origination fee equal to the amount required by the Act. The guaranty agency that guarantees my loan(s) (the Guarantor) may charge a guarantee fee not to exceed a maximum amount specified in the Act. I will pay these fees as identified in the Disclosure Statement which will be deducted proportionately from each disbursement of my loan(s). I understand the origination and guarantee fees are refundable only if a disbursement is canceled or repaid in full within 120 days of disbursement.

### Late Charges and Collection Costs

If I fail to make any part of an installment payment within 10 days after it becomes due, the holder may collect from me a late charge not to exceed 6% of each late installment. If I default on a loan(s), I shall pay reasonable collection fees and costs, plus court costs and attorney fees.

### Repayment

Federal Stafford Loans have a repayment "Grace Period" usually until 6 months after I end enrollment as at least a half-time student at an eligible school. My Grace Period will be disclosed in my Disclosure Statement.

I will repay the principal of my loan(s) in periodic installments during a repayment period(s) that begins (i) in the case of a subsidized or unsubsidized Federal Stafford Loan, on the day immediately following the end of my Grace Period, (ii) in the case of a Federal SLS Loan, on the day of the final disbursement. My principal repayment period for each loan generally lasts five years but may not exceed ten years exclusive of any period of deferment or forbearance.

The holder of my loan(s) will provide me with a Repayment Schedule that identifies my payment amounts and due dates. The minimum annual payment required on all my Federal Stafford and Federal SLS Loans is $600 or the amount of interest due and payable, whichever is larger. If I am eligible and I request it my lender must provide me with a graduated or income-sensitive Repayment Schedule consistent with the provisions of the Act.

My Repayment Schedule may include all of my loans that are owned by the holder of this Note. I agree the holder may grant me a forbearance for purposes of aligning payment dates on my loans or to eliminate a delinquency that persists even though I am making scheduled payments. I may prepay all or any part of the unpaid balance on my loans at any time without penalty.

### Acceleration and Default

At the option of the holder the entire unpaid balance shall become immediately due and payable upon the occurrence of any one of the following events: (i) I fail to enroll as at least a half-time student at the school that certified my Application, (ii) I fail to use the proceeds of the loan(s) solely for educational expenses, (iii) I make false representation that results in my receiving a loan(s) for which I am not eligible, or (iv) I default on the loan(s).

The following events shall constitute a default on a loan: (i) I fail to pay the entire unpaid balance after the holder has exercised its option under the preceding paragraph or (ii) I fail to make installment payments when due or fail to comply with other terms of the loan(s) and the Guarantor reasonably concludes I no longer intend to honor my repayment obligation provided my failure has persisted for at least 180 days for payments due monthly or 240 days for payments due less frequently than monthly. If I default the Guarantor may purchase my loan and Capitalize all then-outstanding interest into a new principal balance and collection fees will become immediately due and payable.

If I default this will be reported to National Credit Bureau Organizations and will significantly and adversely affect my credit rating. I acknowledge that a default shall have additional adverse consequences to me as disclosed in the statement of Borrower's Rights and Responsibilities. Following default the loan(s) may be subject to income-contingent repayment (including potential collection of amounts in excess of the principal and interest) in accordance with the Act.

### Governing Law and Notices

The terms of this Note will be interpreted in accordance with the Higher Education Act of 1965, as amended (20 U.S.C. 1070 et seq.), other applicable federal statutes and regulations and the Guarantor's policies. Applicable state law, except as preempted by federal law, may provide for certain borrower rights, remedies and defenses in addition to those stated in this Note.

If this loan is made by the school, or if the proceeds of this loan are used to pay tuition and charges of a for-profit school that refers loan applicants to the lender, or that is affiliated with the lender by common control, contract or business arrangement, any holder of this Note is subject to all claims and defenses which I could assert against the school. My recovery under this provision shall not exceed the amount I paid on this loan.

If I reside in the state in which the principal office of the Guarantor is located, the Guarantor may sue to enforce this loan in the county in which the Guarantor's office is located. However, if I object to being sued there and I mail a written objection to the Guarantor that is postmarked no later than 30 days after I am served with the suit, the Guarantor will either have the court transfer the suit to the county in which I live or will dismiss the lawsuit.

Any notice required to be given to me will be effective if mailed by first class mail to the latest address I have provided to the holder of this Note, or if the holder reasonably determines that this address is no longer my address, to the latest address secured by the holder from the Department of Education or other reliable source. Failure by the holder to enforce or insist on compliance with any term on this Note shall not be a waiver of any right of the holder. No provision of this Note may be modified or waived except in writing. If any provision of this Note is determined to be unenforceable, the remaining provisions shall remain in force.

### Borrower Certification

I declare under penalty of perjury that the following is true and correct: (1) I certify that the information contained in the Borrower Section of the Application is true, complete and correct to the best of my knowledge and belief and is made in good faith. (2) I certify that loan proceeds will be used for authorized educational expenses and that I will immediately repay any loan proceeds that cannot reasonably be attributed to educational expenses for attendance on at least a half-time basis at the certifying school for the loan period certified on the Application. (3) I certify that the total amount of loans I receive under this Note will not exceed the allowable maximums under the Act. (4) I authorize my school to pay to the holder any refund that may be due to me up to the amount of the loan(s). (5) I certify that I do not now owe a refund on a Federal Pell Grant, Basic Educational Opportunity Grant, Supplemental Educational Opportunity Grant or a State Student Incentive Grant and that I am not now in default on any loan received under the Federal Perkins Loan Program (including NDSL loans) or the Federal Family Education Loan Program (or "FFELP" as defined in the statement of Borrower's Rights and Responsibilities) or, if I am in default I have made payment arrangements that are satisfactory to the holder. (6) I authorize and report informal of information per members of my immediate lenders, Guarantor, requested can be under its control in nonprofit organizations, Guarantors to verify my loan records is it. I have read and understand my Rights and Responsibilities.

The undersigned does hereby sell, assign, transfer and set over unto the Michigan Higher Education Assistance Authority its interest in this note. EduServ Technologies, Inc. as authorized agent of:

Lender: Comerica Bank

_Janette J Markle_    10/1/96

### School Certification

I hereby certify that the borrower named on this Application is accepted for enrollment on at least a half-time basis and is making satisfactory progress in a program that is eligible for the loan type(s) certified. I certify that the student is an eligible borrower in accordance with the Act. I further certify that the borrower's eligibility for a Pell Grant has been determined, that the borrower is not incarcerated and that the borrower has been determined eligible for loan(s) in the amount(s) certified. I further certify that the disbursement schedule complies with the requirements of the Act and hereby authorize the Guarantor to adjust disbursement dates if necessary to ensure compliance with the Act. I further certify that based on records available and due inquiry, the borrower has met the requirements of the Selective Service Act; that the borrower is not liable for an overpayment of any federal grant made under the Act and that the information provided in the Borrower and the School sections of the Application (including information supplied in electronic format) is true, complete and accurate to the best of my knowledge and belief. I agree to provide the borrower with confirmation of any transfer of funds through EFT to the borrower's student account.

U. S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

CERTIFICATE OF INDEBTEDNESS #2 OF 2

DESHOND E. BIDDLES
aka: DESHOND BIDDLES
16209 PATTON ST
DETROIT, MI 48219
Account No. XXXXX5002

I certify that Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 07/07/11.

On or about 01/29/93, the borrower executed promissory note(s) to secure loan(s) of $2,625.00 from INB NATIONAL BANK, INDIANAPOLIS, INDIANA. This loan was disbursed for $1,313.00 on 03/15/93, at a variable rate of interest to be established annually by the Department of Education. This loan obligation was guaranteed by UNITED STUDENT AID FUNDS, INC, and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 C.F.R. Part 682). The holder demanded payment according to the terms of the note, and credited $460.72 to the outstanding principal owed on the loan. The borrower defaulted on the obligation on 06/29/95, and the holder filed a claim on the loan guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $904.33 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. Pursuant to 34 C.F.R. § 682.410(b)(4), once the guarantor pays on a default claim, the entire amount paid becomes due to the guarantor as principal. The guarantor attempted to collect this debt from the borrower. The guarantor was unable to collect the full amount due, and on 08/13/03, assigned its right and title to the loan to the Department.

Since assignment of the loan, the Department has credited a total of $0.00 in payments from all sources, including Treasury Department offsets, if any, to the balance. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $637.77 |
| Interest: | $608.69 |
| Total debt as of 07/07/11: | $1,246.46 |

Interest accrues on the principal shown here at the current rate of 3.16 percent and a daily rate of $0.06 through June 30, 2012, and thereafter at such rate as the Department establishes pursuant to section 427A of the Higher Education Act of 1965, as amended, 20 U.S.C. 1077a.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 7/27/11

Loan Analyst
Litigation Support

Michael Illes
Loan Analyst


EXHIBIT B

TRUE COPY OF THE FRONT PAGE OF THE UNITED STUDENT [AID F]UNDS, INC. [Application] and Promissory Note for a Stafford Loan
ORIGINAL

1993 MAR -9 P 12:15

**WARNING:** Any person who knowingly makes a false statement or misrepresentation on [this form is] subject to penalties which may include fines or imprisonment under the United States Criminal Code and 20 [U.S.C. 1097.]

08843    SH- N-000000--01 0

## SECTION I — TO BE COMPLETED BY THE STUDENT — READ THE INSTRUCTIONS — TYPE OR PRINT IN INK

1. Social Security Number: 5002[...]
2. Last Name, First, Middle Initial, Permanent Home Address: Biddles DeShond E. / 12762 Monte Vista / Detroit, MI 48238
3. Birthdate: [blank]
4. Driver's License / State: [blank]
5. Area Code/Telephone Number: (313) 834-1683
6. U.S. Citizenship Status: ✓ 1 Citizen
7. References:
   - Name: Debra Kennedy / Street Address: 12762 Monte Vista / City, State, Zip: Detroit MI 48238 / Telephone: (313) 834-1683 / Employer: General Motors
   - Name: Lottie Fenoy / Street Address: 12621 Pinehurst / City, State, Zip: Detroit MI 48238 / Telephone: (313) 933-2007 / Employer: None
   - Name: Mary Humphrey / Street Address: 27180 Northlawn / City, State, Zip: Detroit MI 48221 / Telephone: (313) 863-5545 / Employer: None
8. Intended Enrollment Status: ✓ 1 Full-time
9. Major Course of Study: [Exam?] 32
10. Requested Loan Amount: 2625.00
11. Loan Period For this Loan: From 3/93 To 11/24/93
12. Have you ever defaulted on an education loan?: ✓ No
13. Do you have any unpaid Stafford Loans or a Consolidation Loan with a Stafford portion?: ✓ No
13A. Total unpaid balance of your most recent Stafford Loan: 0.00
13B. [Use chart provided in instructions]: 0
13C. Grade level of your most recent Stafford Loan: 0
13D. Beginning and ending dates of your most recent Stafford Loan: From —  To —
13E. Total unpaid balance of all your Stafford Loans or any portion of your Stafford Loans included in a Consolidation Loan: 0.00
14. Do you have any outstanding Stafford, PLUS or SLS Loans made for enrollment periods beginning before July 1, 1988 or a Consolidation Loan which repaid loans for enrollment periods beginning before such date?: ✓ No
15. Name and Address of Previous Lender, if any: [blank]

Poor Source Original
Document Retained

### Promissory Note for a Stafford Loan

I. **Promise To Pay.** I, the undersigned Borrower, promise to pay you or your order when this Note becomes due a sum certain equal to the loan amount I have requested in Section I, item 10 of this Application or any lesser amount which will be disclosed to me in the Notice of Loan Guarantee and Disclosure Statement or the amount advanced to me, plus interest and any other charges which may become due as provided in Paragraph VI. My signature certifies I have read, understand and agree to the conditions and authorizations stated in the "Borrower Certification" printed on the reverse side and the legally required information highlighted in the Application Booklet.

Notice to Student: Terms of the Promissory Note continue on the reverse side. Retain Copy D for your records.

I understand this is a Promissory Note. I will not sign this Promissory Note before reading it, including the writing on the reverse side, even if otherwise advised. As a Borrower, I am entitled to an exact copy of this Promissory Note, the Notice of Loan Guarantee and Disclosure Statement and any agreement I sign. By signing this Promissory Note, I, the Borrower, acknowledge I have received an exact copy of this Note.

20A. Signature of Student Borrower: X DeShond Biddles    Date: 1/29/93

## SECTION II — TO BE COMPLETED BY THE SCHOOL

21. Name and Address of School: ITT TECHNICAL INSTITUTE / 1225 EAST BIG BEAVER ROAD / TROY, MI 48083
22. School Code: 108329
23. Area Code/Telephone Number: 313-524-1800
24. Grade Level Code: 1
25. Anticipated Completion Date: Mo 3 Yr 95
26. Enrollment Period Covered by Loan: 3-8-93 to 11-24-93
27. Family Adjusted Gross Income: 29932.00
28. Estimated Cost of Attendance for Loan Period: 13924.00
29. Estimated Financial Aid for Loan Period: 367.00
30. Expected Family Contribution: 2480.00
31. Difference (28 minus the sum of 29 and 30): 11877.00
32. Reduced Stafford Eligibility: .00
33. Recommended Disbursement Date(s): 3-8-93 / 5-17-93
34. Signature of Financial Aid Officer: Marjorie E. McGuire / Type or Print Name and Title: Marjorie E. McGuire, Financial Aid Administrator / Date: 3/8/93

## SECTION III — TO BE COMPLETED BY THE LENDER

36. Name, City and State of Lending Institution: INB NATIONAL BANK / P. O. BOX 6156 / INDIANAPOLIS, IN 46206-6156
37. Lender Code: 803634
38. Area Code/Telephone Number: 800-824-7044
39. Loan Amount Approved: .00
40. Interest Rate: [illegible]%
41. Anticipated Disbursement Date(s): [blank]
42. Fee: [blank]
43. Authorized Lending Officer / Type or Print Name and Title / Date: [blank]
44. For Lender Use Only: [blank]

© Copyright 1991 United Student Aid Funds, Inc. All Rights Reserved. This form is to be used only by USA Funds or the Guarantor it serves as identified above.

LENDER COPY A

USA Funds Form 115C (2/91) B-4

## Additional Terms of the Promissory Note for a Stafford Loan

In this Note the words I, me, and my mean the Borrower identified in Item 2 of Section 1 of the Application and any Cosigner of this Note. You, your and yours mean the Lender and any other Holder of this Note. I hereby give you or the Guarantor the authority to complete any incomplete blanks on this Note.

**II. Date Note Comes Due.** I will repay this loan 1) in periodic installments beginning no later than the end of my grace period as disclosed to me in the Notice of Loan Guarantee and Disclosure Statement, or 2) in full immediately if I fail to enroll at and attend the school which certified this Application for the academic period intended, in which case I will not be eligible for a grace period. During the grace period, I may request that repayment may begin before my grace period ends.

**III. Interest.** I agree to pay an amount equivalent to simple interest on the unpaid principal balance from the date of disbursement until the entire principal sum and accrued interest are paid in full. However, the U.S. Secretary of Education (hereinafter the "Secretary") will pay the interest that accrues on this loan prior to repayment status and during any deferment, if it is determined that I qualify to have such payments made on my behalf under the regulations governing the Title IV, Part B of the Higher Education Act (hereinafter the "Act"). In the event that the interest on this loan is payable by the Secretary, neither you or any other Holder of this Note may attempt to collect this interest from me. I may, however, choose to pay this interest myself. Once the repayment status begins I will be responsible for payment of all interest which accrues on this loan. The Secretary will pay the interest that accrues during any period described under Deferment in this Promissory Note. The interest rate will be determined according to the following: (a) If I have an outstanding Stafford Loan(s) on the date I sign this Note, the applicable interest rate will be the same as the applicable interest rate on the most recent Stafford Loan(s), (b) If I have no outstanding Stafford Loan(s) but I do have an outstanding balance on any PLUS or Supplemental Loans for Students (SLS) made for enrollment periods beginning before July 1, 1988 or on a Consolidation Loan which repaid loans made for enrollment period(s) beginning before such date, the applicable interest rate on this loan will be 8%, (c) Otherwise, the applicable interest rate on this loan will be 8% until the end of the fourth year of my repayment status and will be 10% beginning with the fifth year of my repayment status. The applicable interest rate will be identified on the Notice of Loan Guarantee and Disclosure Statement. I may also receive rebates of interest, if required by the Act, when the applicable interest rate is 10%. You may add accrued unpaid interest to the unpaid principal balance (capitalization) of this loan in accordance with regulations and policies of the Guarantor. All payments will be made to your address as specified on the Notice of Loan Guarantee and Disclosure Statement or to any other address of which you notify me.

**IV. Origination and Guarantee Fees.** I will pay to you an origination fee not to exceed the percentage of the loan amount that is authorized by federal law. You will deduct this fee proportionately from each disbursement of principal of this loan. I will also pay you an amount equal to the guarantee fee that you are required to pay to the Guarantor for this loan. I am entitled to a refund of the origination and guarantee fee paid in respect to this Note if I pay back this Note in full within 120 days of disbursement or if I return the uncashed loan check to you. The amount of the origination and guarantee fees will be disclosed to me on the Notice of Loan Guarantee and Disclosure Statement.

**V. Default.** I will be in default and you have the right to give me notice that the whole outstanding principal balance plus any unpaid interest I owe is due and payable at once if I fail to make an installment payment when due, or to meet other terms of the Promissory Note under circumstances where the Guarantor finds it reasonable to conclude that I no longer intend to honor the obligation to repay, provided that this failure persists for 180 days for a loan repayable in monthly installments, or 240 days for a loan repayable in less frequent installments. After sending such notice to me, you will have the right, without further notice, to take the outstanding balance out of any checking and/or savings account I have with you, if not prohibited by law, but not out of the proceeds of any other property of mine which you have a right to take because of any other agreement between you and me. If I default, I will still be required to pay interest on this loan as provided in Interest, Paragraph III from the date of default. You or the Guarantor may disclose to schools I have attended or intend to attend information about the default, I will be ineligible to receive assistance from any of the following federal programs: Pell Grant, Byrd Scholarship, Supplemental Education Opportunity Grant, College Work-Study, State Student-Incentive Grant, Perkins Loan, Stafford Loan, Supplemental Loans for Students (SLS), PLUS Loan, Income Contingent Loan or a Consolidation Loan. A default also makes me ineligible for the benefits, if any, which I may qualify for as described under Deferment, Paragraph VIII and under Interest, Paragraph III. If this loan is referred for collection to any agency for collection, I will pay collection costs.

**VI. Late Charges and Collection Costs.** If any payment has not reached you within 10 days after its due date, or if I fail to provide written evidence which verifies my eligibility to have the amount deferred as described under Deferment, Paragraph VIII, you may, if permitted by law, bill me for a late charge at the maximum rate permitted which shall not exceed six cents for each dollar of each late installment. If I fail to pay any amounts when they are due, I will pay all charges and other collection costs including the statutorily authorized fees of an outside attorney and court costs that are permitted by federal law and regulations for the collection of this loan, which you incur in collecting this loan. In case of accounts brought into repayment status as a result of the Guarantor performing supplemental preclaims assistance in accordance with §428(c)(6)(C) of the Act, I will be liable for such costs.

**VII. Additional Agreements.** The proceeds of this loan will be sent to the school listed on my Application and be used only for education expenses. Any notice required to be given to me will be effective when mailed by first class mail to the latest address you have for me. Your failure to enforce or insist that I comply with any term of this Note is not a waiver of your rights. No provisions of this Note can be waived or modified except in writing. If the Guarantor is required under its guarantee to repay my loan(s) because I have defaulted, the Guarantor will become the owner of this Note and as any Creditor will have all the rights of the original Lender to enforce this Note against me. I understand that I must repay this Note even though I may be under 18 years of age. This Note is not effective until it is accepted by you. If the Borrower becomes totally and permanently disabled, or dies, his or her obligation to repay this loan will be cancelled. I agree to notify you of a change in my name, address or any applicable school enrollment status within 10 days. I have not made any false written statement with regard to the loan. If any provision of this Note is determined to be unenforceable or is prohibited by law, such provision shall be considered ineffective without invalidating the remaining provisions of this Note.

**VIII. Deferment.** I am entitled to deferments under the Act, and its regulations. In order to receive a deferment, I must request the deferment and provide you with all documentation required to establish my eligibility. I understand that I must notify you when the condition entitling me to the deferment no longer exists. My eligibility for a deferment will be determined by the information provided in the Application Booklet or as amended by federal law.

**IX. Repayment.** I will repay the total amount due on this Promissory Note in periodic installments, with interest on the unpaid balance from the due date of the Promissory Note until the loan is paid in full, unless the whole loan is due as described in Default, Paragraph V.

I will repay this loan over a repayment period that generally lasts at least 5 years but no more than 10 years. However, the following exceptions to these rules apply:

1. If, during the grace period, I request a shorter repayment period you may grant me a shorter period.
2. You may require a repayment period shorter than 5 years if this is necessary to ensure that during each year of the repayment period I — or, if both my spouse and I have Stafford, PLUS or SLS Program Loans outstanding, we — pay toward principal and interest at least $600 or the unpaid balance of all such loans (plus interest), whichever is less.
3. If I qualify for postponement of my payments during any period described under Deferment, Paragraph VIII, in the Promissory Note, or if you grant "forbearance," those periods will not be included in the 5- and 10-year periods mentioned above.

The particular terms and conditions of repayment that apply to this loan will be set forth in a separate document, known as a Repayment Schedule, which you will provide to me, normally just before the repayment period begins. I further agree you may grant me a forbearance for the purpose of aligning the first payment date of this loan with other loans reflected on my Repayment Schedule, or for the purpose of eliminating a delinquency which persists even though I am making regularly scheduled payments. If a forbearance is granted in either of these two situations, you will capitalize any accrued interest.

**X. Prepayment.** I may, at my option and without penalty, prepay all or any part of the principal or accrued interest of this loan at any time. If I do so, I will be entitled to a rebate of any unearned interest that I have paid.

**XI. Credit Bureau Notification.** I have read and understand the Credit Bureau Notification information provided in the General Information section of this Application Booklet.

## BORROWER CERTIFICATION

I declare under penalty of perjury under the laws of the United States of America that the following is true and correct. The information contained in this Application is true, complete and correct to the best of my knowledge and belief and is made in good faith. I hereby authorize the school described in Section II to pay to the Lender any refund which may be due to me up to the amount of this loan. I hereby authorize any school which I may attend to release to the Lender, subsequent Holder, Guarantor, U.S. Department of Education, or their agents, any requested information pertinent to this loan (e.g., employment, enrollment status, current address). The proceeds of any loan made as a result of this Application will be used for education expenses for the loan period covered by this Application and at the school described in Section II. I understand I must immediately repay any funds I receive which cannot reasonably be attributed to meeting my education expenses related to attendance at that school for the loan period covered by this Application. The total amount of loans I receive under the Stafford Loan Program, Title IV, Part B of the Higher Education Act of 1965, as amended, will not exceed the allowable maximums. I am not now in default on a Perkins Loan, a Stafford Loan, a Federal Insured Student Loan, a PLUS/SLS Loan, an Income Contingent Loan or a Consolidation Loan unless I have otherwise indicated on this Application. I further certify that I do not owe a repayment on a Pell Grant, Byrd Scholarship, Supplemental Grant or State Student Incentive Grant. I authorize my Lender to issue a check covering the proceeds of my loan, in full, or in part, made payable to me, or at the Lender's option, jointly payable to me and the school, and sent to the school.

I understand I will receive a Notice of Loan Guarantee and Disclosure Statement which identifies my loan amount (as determined by the Lender), the fee amounts, disbursement dates, grace period, interest rate and late charges. I understand and agree if the information on the Notice of Loan Guarantee and Disclosure Statement conflicts with the information on this Application and Promissory Note, the information on the Notice of Loan Guarantee and Disclosure Statement is controlling.

I certify this 30 day of MAY 1995 that this is a true and exact copy of the original document.
CDL

"I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS A TRUE AND CORRECT COPY OF THE ORIGINAL PROMISSORY NOTES."

Edward F. Strack
Vice President of Sallie Mae Servicing Corporation and authorized agent for United Student Aid Funds, Inc.

Date 6/3/03